**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

In the Matter of the Care and Treatment of Johnny Ray Garrett, Appellant.

Appellate Case No. 2014-002414

———————

Appeal From Spartanburg County
Frank R. Addy, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-386
Submitted May 1, 2016 – Filed July 27, 2016

———————

**AFFIRMED**

———————

Tommy Arthur Thomas, of Irmo, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Bantan*, 387 S.C. 412, 417, 692 S.E.2d 201, 203 (Ct. App. 2010) ("The decision to grant or deny a mistrial is within the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion amounting to an error of law. The granting of a motion for mistrial is an extreme measure that should be taken only when the incident is so grievous the prejudicial effect can be removed in no other way. A mistrial should be granted only when absolutely necessary and a defendant must show both error and resulting prejudice

to be entitled to a mistrial." (citations omitted)); *State v. Goodwin*, 384 S.C. 588, 605, 683 S.E.2d 500, 509 (Ct. App. 2009) ("The relevant question is whether the solicitor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." (quoting *State v. Patterson*, 324 S.C. 5, 17, 482 S.E.2d 760, 766 (1997))).

**AFFIRMED.**[1]

**HUFF, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.